IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JOSE PAULINO SERRANO**,
    Petitioner

    v.

**CIVIL NO. 07-1553(CCC)**
**Related No. 04-018(CCC)**

**UNITED STATES OF AMERICA**
    Respondent

**OPINION & ORDER**

Before the Court is the 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence filed by Petitioner José Paulino-Serrano (hereinafter "Petitioner" or "Paulino") (docket entry 1) and the Response to the Petition filed by the United States (docket entry 6). For the reasons discussed below, the Court finds that the Petition must be DENIED.

**I. BACKGROUND**

On January 16, 2004, a federal Grand Jury returned a sealed five (5) count Indictment against four individuals (Crim.D.E.2)[1]. Petitioner, defendant number four (4) in the Indictment, was charged in Counts One and Five (Crim. docket entry 2). Count One of the Indictment charged Petitioner along with three (3) other co-defendants with conspiracy to possess with the intent to distribute one (1) kilogram of heroin, in violation of 21 U.S.C. § 846 . Count Five charged Petitioner with carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c). On April 28, 2004, the Grand Jury returned a Superseding Indictment against the same four individuals (Crim. docket entry 41), and Petitioner was charged in Count One with conspiracy to possess with intent to distribute one (1) kilogram of heroin in violation of 21 U.S.C. § 846 and in Count Two with carrying a firearm during a drug trafficking offense in

---

[1] Hereinafter, references to the docket of the criminal case will be identified as "Crim. docket entry ___."

Civil No. 06-2167(CCC) Page 2

violation of 18 U.S.C. § 924(c) (Crim. docket entry 41).

After various non-relevant procedural events, on February 18, 2005 Petitioner filed a motion requesting a change of plea hearing (Crim. docket entry 103) which, following some rescheduling, was finally held on March 7, 2005 before U.S. Magistrate-Judge Justo Arenas. The U.S. Magistrate-Judge recommended to the Court to accept the plea of guilty, which the Court did on March 14, 2005 (Crim. docket entry 119).

On August 30, 2005, Paulino was sentenced as to Count One of the Superseding Indictment to a term of imprisonment of forty two (42) months, and as to Count Two of the Superseding Indictment to a term of imprisonment of sixty (60) months to run consecutive to the term imposed on Count One, for a total imprisonment term of one hundred and two (102) months. Paulino was further sentenced to a term f supervised release of three (3) years and to pay a special monetary assessment of one hundred dollars ($100.00) as to each count for a total of two hundred dollars ($200.00) (Crim. docket entry 147). On September 7, 2005, Paulino filed a pro-se Notice of Appeal (Crim. docket entry 151), and on October 20, 2006 the Court of Appeals affirmed Paulino's conviction and sentence. United States v. Paulino-Serrano, 201 Fed.Appx. 4, 2006 WL 2990102 (C.A.1.(Puerto Rico)).[2] Petitioner timely filed this § 2255 motion on June 22, 2007, and, as such, the case is ready for disposition by this Court.

## II. DISCUSSION

In his Petition under 28 U.S.C. § 2255, Petitioner raises a claim of ineffective assistance of counsel. He alleges that his trial counsel was ineffective for failing to argue a disparity of sentences between co-defendants. Specifically, Petitioner contends that his co-defendant Hiram Silva-Vargas received a lighter sentence than him although Silva-Vargas' involvement in the offense was greater. Paulino claims that the only reason he received a harsher

---

[2] Opinion not selected for publication.

Civil No. 06-2167(CCC) Page 3

sentence was because he was a black Dominican national while his co-defendant Silva-Vargas was a white Puerto Rican. For the reasons set forth below, the Court finds Paulino's claim to be completely meritless and contrary to the record.

**A. 28 U.S.C. Sec. 2255 standards and exhaustion requirements**

28 U.S.C. § 2255 allows a federal prisoner to move the court to vacate, set aside, or correct his sentence if one of the following events happens:

1. the sentence was imposed in violation of the Constitution or laws of the United States,

2. the court was without jurisdiction to impose the sentence,

3. the sentence was in excess of the maximum authorized by law  or

4. the sentence is otherwise subject to collateral attack.

When a prisoner files a motion for relief pursuant to § 2255, the Court may dismiss the motion without an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief."

It is well settled law that a § 2255 motion is not a substitute for an appeal. Therefore, the defendant must first raise his claims on direct appeal before bringing the claim in a § 2255 motion. United States v. Essig, 10 F.3d 968 (3d Cir 1993). If a defendant fails to preserve his claim on direct appeal a court may not consider the claim in a subsequent § 2255 motion, unless the defendant can establish "cause and prejudice", United States v. Frady, 456 U.S. 152, 167 (1982); or a "fundamental miscarriage of justice". Murray v. Carrier, 477 U.S. 478, 496 (1986). The exception to this dogma of the exhaustion requirement is the allegation of ineffective assistance of counsel which may be brought for the first time in a § 2255 motion.

**B.   Claim of Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel, a defendant must show that:

1. His attorney's performance was deficient, and

Civil No. 06-2167(CCC) Page 4

    2. The deficient performance prejudiced his defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

In order to establish deficiency, a defendant must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." <u>Strickland</u>, 466 U.S. at 688. Under <u>Strickland</u>, counsel is presumed to have acted within the range of "reasonable professional assistance," and it is defendant who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'" <u>Strickland</u>, 466 U.S. at 689. To show prejudice, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694.

It is pellucidly clear that Petitioner was obligated to show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted from it. <u>Strickland</u>, 466 U.S. at 687. <u>See also</u> <u>Lopez-Nieves v. United States</u>, 917 F.2d 645, 648 (1st Cir. 1990). He must do this as to each particular instance in which he claims ineffective assistance of counsel. Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." <u>United States v. Natanel</u>, 938 F.2d 302, 309 (1st Cir. 1992). The "range of reasonable professional assistance" is quite wide. <u>See</u> <u>Strickland</u>, 466 U.S. at 689. Therefore, the Supreme Court has stated that "judicial scrutiny of counsel's performance must be highly deferential." <u>See</u> <u>Strickland</u>, 466 U.S. at 689.

**Failure to Argue Disparity of Sentences**

Petitioner avers in his § 2255 motion that he was in the same exact situation as his co-defendant Hiram Silva-Vargas yet he received a sentence six (6) months longer than that which was imposed upon Silva-Vargas. Petitioner contends that his sentence was harsher than that of his co-defendant Silva-Vargas solely for the fact that he was a black Dominican

national, and claims that his counsel failed him by not raising this argument at sentencing. Petitioner makes this blanket allegation without providing any support and without making any references to the record.

A review of the record shows that co-defendant Hiram Silva-Vargas entered into a plea agreement with the government on December 27, 2004 pursuant to which he was held accountable for "more than forty (40) grams but less than sixty (60) grams of heroin" as to the offense charged in Count One (Crim. docket entry 81 at page 1) and where the government agreed to recommend a total sentence of ninety seven (97) months of imprisonment. At the sentencing hearing held on April 18, 2005, the Assistant U.S. Attorney expressed to the Court that Silva-Vargas "was forthcoming in pleading guilty and accepting his responsibility, contrary to some other folks that have been charged in this case, who have been giving the government the runaround, and I think his recommendation of 97 months reflects that. That's the lowest recommendation given to all of these defendants in these cases." Silva Vargas' Sentencing Hearing Tr. 4/18/2005 at page 16. The Court indicated that it would impose a sentence that "follows the spirit of the stipulation in the plea agreement, the information contained in the presentence report, and considering every factor enumerated in Title 18, United States Code, Section 3553(a)." Sentencing Hearing Tr. 4/18/2005 at page 17. The Court proceeded to sentence Silva-Vargas to a term of imprisonment of thirty seven (37) month as to Count One (1) and sixty (60) months as to Count Two (2), to be served consecutively with each other, for a total term of imprisonment of ninety seven (97) months. Sentencing Hearing Tr. 4/18/2005 at page 18. The sentence of thirty-seven (37) months as to Count One was in the upper range of the guideline sentencing range applicable to Silva-Vargas under the U.S. Sentencing Guidelines; it was not a lower end sentence.[3] The sentence of sixty (60) months as to Count Two was the statutory mandatory minimum term.

---

[3] Silva-Vargas' total offense level under the U.S. Sentencing Guidelines for the offense charged in Count One was 19, which with a Criminal History Category of I resulted in a Guideline Sentencing Range of 30 to 37 months.

Civil No. 06-2167(CCC)                                                                                                    Page 6

Five months after his co-defendant Silva-Vargas moved to enter a change of plea (Crim. docket entry 67), Paulino filed his request for change of plea.[4] Pursuant to Petitioner's Plea Agreement, he was held responsible as to Count One for "at least eighty (80) grams but less than one hundred (100) grams of heroin" (Crim. docket entry 117 at page 3).  Hence, Paulino in his Plea Agreement was held accountable for a higher quantity of heroin than his co-defendant Silva-Vargas.  That higher drug quantity lead to a higher guideline sentencing range as to Count One of between 37 to 46 months.[5]  The Plea Agreement, in turn, contained a sentencing recommendation of forty-two (42) months as to Count One and sixty (60) months as to Count Two, to be served consecutively to each other for a total term of 102 months. Thus, the record demonstrates that the main reason why Petitioner's sentence was higher than that of co-defendant Silva-Vargas was that he plead guilty to a higher drug quantity which resulted in a higher sentencing recommendation by the government as to Count One in their respective Plea Agreements.

In sum, Paulino was sentenced by the Court within the applicable guideline range on Count One and to the mandatory minimum term of sixty (60) years on Count Two, and to the exact sentence recommended by the government as stipulated by both parties in their Plea Agreement.  Petitioner has alleged a far-fetched argument of discrimination due to his race and national origin, but the record fails to reveal any facts that might create a reasonable presumption or even inkling of prejudice.  Petitioner can not blame counsel as ineffective for not arguing what amounts to a meritless claim.  Acha v. United States, 910 F.2d 28 (1st Cir. 1990); United States v. Victoria, 876 F.2d 1009(1st Cir. 1989).   Therefore, Petitioner's allegation of ineffective assistance of counsel as it relates to disparity in sentencing is

---

[4] Petitioner was the last of the four co-defendants to plead guilty.

[5] Petitioner's total offense level under the Guidelines was 21, which coupled with his Criminal History Category of I produced the above-referenced sentencing range.

Civil No. 06-2167(CCC) Page 7

DENIED.

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner Jose Paulino-Serrano is not entitled to relief on the claim presented in his 28 U.S.C. § 2255 motion.  Accordingly, petitioner José Paulino-Serrano's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (docket entry 1) is DENIED.  Judgment shall be entered DISMISSING this action.

SO ORDERED.

At San Juan, Puerto Rico, on July 22, 2009.

S/CARMEN CONSUELO CEREZO
United States District Judge